# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-40503
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 29, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

GUILLERMO NINO-MATA,

Defendant–Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:13-CR-268-2

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Guillermo Nino-Mata pleaded guilty of conspiracy to possess with intent

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to distribute methamphetamine.  As part of the plea agreement, he and the government stipulated, "The base offense level pursuant to U.S. Sentencing Guidelines Manual § 2D1.1 is 38 based on the possession with intent to distribute 15 kilograms or more of a mixture or substance containing a detectable amount of methamphetamine or 1.5 kilograms or more of methamphetamine (actual)."

After rearraignment and before sentencing in March 2015, the threshold for a base offense level of 38 under U.S.S.G. § 2D1.1(c)(1) was raised from "15 KG or more of Methamphetamine, or 1.5 KG or more of Methamphetamine (actual), or 1.5 KG or more of 'Ice'" to "45 KG or more of Methamphetamine, or 4.5 KG or more of Methamphetamine (actual), or 4.5 KG or more of 'Ice.'" U.S.S.G., App. C., Amend. 782.  The district court determined that Nino-Mata's base offense level was 38 even after Amendment 782, because his offense involved 0.44 grams of cocaine, 19.8 grams of methamphetamine, and 13.36 kilograms of "Ice."  The court sentenced Nino-Mata, within his guideline range, to 262 months.

Nino-Mata claims, for the first time on appeal, that the government breached the plea agreement by disregarding the stipulated drug quantity.  He contends that, in light of Amendment 782, the stipulation must be interpreted based on the parties' intent and that such intent was to assess the base offense level based on the stipulated quantity rather than the numerical level 38. According to Nino-Mata, his base offense level should have been 36, the level applicable, after Amendment 782, to a drug quantity of 15 kilograms of methamphetamine or 1.5 kilograms of methamphetamine (actual).

The government does not contend that the stipulation bound Nino-Mata to the numerical base offense level of 38.  Instead, it reasons that the inclusion of the words "or more" in the stipulation shows that it was not intended to limit

the applicable drug quantity to 15 kilograms of methamphetamine or 1.5 kilograms of methamphetamine (actual).  Nino-Mata responds that the phrase "or more" is ambiguous under the circumstances and should be construed against the government as the drafter of the plea agreement.

Although the plea agreement contained an appeal waiver, the waiver does not preclude the argument that the government breached the plea agreement.  *See United States v. Purser*, 747 F.3d 284, 289 & n.11 (5th Cir. 2014).  But because Nino-Mata did not preserve this issue in the district court, plain-error review applies.  *See United States v. Hinojosa*, 749 F.3d 407, 413 (5th Cir. 2014).

General principles of contract law apply to the interpretation of a plea agreement.  *Id.* at 413.  Ambiguities are construed against the government as the drafter.  *United States v. Elashyi*, 554 F.3d 480, 501 (5th Cir. 2008); *United States v. Farias*, 469 F.3d 393, 397 & n.4 (5th Cir. 2006).  In determining whether the government breached the agreement, we consider whether its conduct was "consistent with the defendant's reasonable understanding of the agreement."  *Hinojosa*, 749 F.3d at 413 (internal quotation marks and citation omitted).

Nino-Mata has not shown error, much less plain error.  First, an ordinary reading of the stipulation makes evident that it did not provide a limit on the applicable quantity of methamphetamine or methamphetamine (actual).  The lack of a maximum amount was reasonable given that, at the time of the stipulation, the range in the stipulation tracked the language of the range for the highest base offense level available under § 2D1.1(c), level 38.  *See* § 2D1.1(c)(1) (2013).

Second,  Nino-Mata  is  amiss  in  contending  that,  following

No. 15-40503

Amendment 782, the stipulation dictated a base offense level of 36. The amended drug-quantity range for a base offense level of 36 includes an upper limit, in that the drug quantity must be less than 45 kilograms of methamphetamine, 4.5 kilograms of methamphetamine (actual), or 4.5 kilograms of "Ice." *See* § 2D1.1(c)(2). Therefore, the range for a base offense level of 36 after Amendment 782 is incongruent with the drug-quantity range provided in the stipulation, which did not contain an upper limit. The stipulation thus did not dictate a base offense level of 36 following Amendment 782, and the government did not violate the stipulation by failing to recommend a base offense level of 36.

Nino-Mata also contends that his trial lawyer provided ineffective assistance of counsel ("IAC") by failing to enforce the government's promise to recommend the drug quantity contained in the stipulation. Nino-Mata did not raise this claim in the district court. Although we generally do not resolve a claim of IAC on direct appeal when it was not raised in the district court, we do so here because the record is adequately developed to allow a fair evaluation of the merits. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).

To prevail on a claim of IAC, the defendant must show that "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Because the stipulation did not bind the government to a maximum quantity of methamphetamine or methamphetamine (actual), it would have been futile for counsel to argue that the government had disregarded the infringement of the stipulated quantity of those drugs. Thus, counsel did not perform deficiently by not raising such an argument. *See Roberts v. Thaler*, 681 F.3d 597, 611 (5th Cir. 2012) (recognizing that counsel is not required to make futile motions or objections).

4

No. 15-40503

Nino-Mata's appointed counsel on appeal, Christian Souza, has moved for leave to withdraw and for the appointment of substitute counsel. The motion for the appointment of new counsel is DENIED. Souza's motion to withdraw is premature and is HELD IN ABEYANCE. Within 20 days of the dismissal of this appeal, Souza should submit documentation to this court showing that he has fulfilled his obligations to Nino-Mata as set forth in Section 6 of the Fifth Circuit Plan under the Criminal Justice Act.

The judgment is AFFIRMED.